# EXHIBIT "A"

**FRITZ & BIANCULLI, LLC**
By:    BRIAN E. FRITZ, ESQUIRE
       KEVIN M. DURKAN, ESQUIRE
       WILLIAM A. WEISS, ESQUIRE
Attorney ID Nos.: 84044/201770/309817
1515 Market Street, Suite 1801
Philadelphia, Pennsylvania 19102
(215) 458-2222



Filed and Attested by the
Office of Judicial Records
29 JUL 2020 11:51 pm
...

**ATTORNEYS FOR PLAINTIFFS**

| | |
|---|---|
| **MD. RAFIQUL ISLAM and RAHIMA KHATUN, Husband and Wife**<br>29 Poplar Street, Apt. 5<br>Hatfield, PA 19440<br><br>vs.<br><br>**STRUCTURAL MACHINERY SOLUTIONS, INC.** a/k/a and/or d/b/a and/or f/k/a **KALTENBACH, INC.**<br>6775 Inwood Drive, Columbus, IN 47201<br><br>*And*<br><br>**MUELLER INDUSTRIES, INC.**<br>150 Schilling Boulevard, Suite 100<br>Collierville, TN 38017<br><br>*And*<br><br>**MUELLER STREAMLINE COMPANY**<br>c/o CT Corporation System<br>600 North 2nd Street<br>Suite 401<br>Harrisburg, PA 17101<br><br>*And*<br><br>**MUELLER SOUTHEAST, INC.**<br>c/o CT Corporation System<br>600 North 2nd Street<br>Suite 401<br>Harrisburg, PA 17101<br><br>*And* | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS<br>CIVIL DIVISION<br><br>JULY TERM, 2020<br><br>No:<br><br>**JURY TRIAL DEMANDED** |

1

| | |
|---|---|
| *And*<br><br>**ABC Maintenance Company(ies) 1-5**<br>**Fictitiously Named Defendants**<br><br>*And*<br><br>**ABC Consulting Company(ies) 1-5**<br>**Fictitiously Named Defendants**<br><br>*And*<br><br>**ABC Manufacturing Company(ies) 1-5**<br>**Fictitiously Named Defendants** | |

## NOTICE TO PLEAD

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by an attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgement may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.<br><br>YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.<br><br>THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.<br><br>PHILADELPHIA BAR ASSOCIATION LAWYER REFERRAL and INFORMATION SERVICE | "Le han demandado en corte. Si usted quiere defenderse contra las demandas nombradas en las páginas siguientes, tiene veinte (20) días, a partir de recibir esta demanda y la notificación para entablar personalmente o por un abogado una comparecencia escrita y también para entablar con la corte en forma escrita sus defensas y objeciones a las demandas contra usted. Sea avisado que si usted no se defiende, el caso puede continuar sin usted y la corte puede incorporar un juicio contra usted sin previo aviso para conseguir el dinero demandado en el pleito o para conseguir cualquier otra demanda o alivio solicitados por el demandante. Usted puede perder dinero o propiedad u otros derechos importantes para usted.<br><br>USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE ABOGADO (O NO TIENE DINERO SUFICIENTE PARA PARGAR A UN ABOGADO), VAYA EN PERSONA O LLAME POR TELEFONO LA OFICINA NOMBRADA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASSISTENCIA LEGAL. ESTA OFICINA PUEDE PROPORCIONARLE LA INFORMACION SOBRE CONTRATAR A UN ABOGADO.<br><br>SI USTED NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO, ESTA OFICINA PUEDE PROPORCIONARLE INFORMACION SOBRE AGENCIAS QUE OFRECEN SERVICIOS |

2

| One Reading Center<br>Philadelphia, Pennsylvania 19107<br>(215) 238-1701" | LEGALES A PERSONAS QUE CUMPLEN LOS<br>REQUISITOS PARA UN HONORARIO<br>REDUCIDO O NINGUN HONORARIO. |
|---|---|
| | ASSOCIACION DE LICENDIADOS DE FILADELFIA<br>SERVICO DE REFERENCA E<br>INFORMACION LEGAL<br>One Reading Center<br>Filadelfia, Pennsylvania 19107<br>Telefono: (215) 238-1701" |

## COMPLAINT – CIVIL ACTION

Plaintiffs, Md. Rafiqul Islam and Rahima Khatun, husband and wife, by and through their attorneys, Fritz & Bianculli, LLC, hereby claim of Defendants, Structural Machinery Solutions, Inc. a/k/a and/or d/b/a and/or f/k/a Kaltenbach, Inc., Mueller Industries, Inc., Mueller Streamline Company, Mueller Southeast, Inc., ABC Maintenance Company(ies) 1-5, ABC Consulting Company(ies) 1-5 and ABC Manufacturing Company(ies) 1-5, jointly and severally, separate sums in excess of Fifty Thousand dollars ($50,000.00) in damages, upon causes of action. In support thereof, Plaintiffs aver as follows:

1.     On September 19, 2018, Plaintiff, Md. Rafiqul Islam, was working for Precision Tube Company, LLC, at an industrial facility located at 287 Wissahickon Avenue, North Wales, Pennsylvania.

2.     On that date, Mr. Islam was tasked with using this Kaltenbach Reconditioned Universal Semi-Automatic Cold Sawing Machine, Kaltenbach Model No. SKL 400 H, serial no. 109904, (hereinafter "the Kaltenbach Saw Machine" and/or "the Refurbished Saw Machine") to remove tags from sections of copper pipes:

3



4

3.      Mr. Islam secured a copper pipe, 12" long and 2 ½" in diameter, using the Refurbished Saw Machine's clamps.

4.      Operators of the Refurbished Saw Machine, like Mr. Islam, were supposed to be protected from projectiles by a safety guard/hood fitted on the Refurbished Saw.

5.      While Mr. Islam was operating the Refurbished Saw Machine, the section of copper pipe he was cutting came loose of the Saw Machine's clamps (which were supposed to secure the material being cut).

6.      After coming loose from the Saw Machine's clamps, the copper pipe ejected past the Saw Machine's safety hood/guard (which was supposed to protect the operator from projectiles) and violently struck Mr. Islam in the throat, face and chest causing catastrophic, permanent and debilitating injuries.

## PARTIES AND JURISDICTION

7.      Plaintiffs, Md. Rafiqul Islam and Rahima Khatun, husband and wife, are adult individuals residing at 29 Poplar Street, Hatboro, PA 19440.

8.      Defendant, Structural Machinery Solutions, Inc. a/k/a and/or d/b/a and/or f/k/a Kaltenbach, Inc. (hereinafter "SMS"), is a corporation and/or other business entity organized and existing under the laws of Michigan, and at all relevant times maintained a place at 6775 Inwood Drive, Columbus, IN 47201.

9.      At all relevant times, Defendant, SMS, was acting by and through its employees, servants, agents, workmen and staff, all of whom were acting within the course and scope of their authority and employment for, and on behalf of, Defendant, SMS.

10.      At all relevant times, Defendant, SMS, has purposefully established significant contacts in Pennsylvania, has carried out, and continues to carry out, substantial, continuous and

5

systematic business activities in Pennsylvania, and regularly conducts business in Philadelphia County.

11.     Defendant, Mueller Industries, Inc. is a corporation organized and existing under the laws of the State of Delaware, with a place of business located at 150 Schilling Boulevard, Suite 100, Collierville, TN 38017.

12.     At all relevant times, Defendant, Mueller Industries, Inc., was acting by and through its employees, servants, agents, workmen and staff, all of whom were acting within the course and scope of their authority and employment for, and on behalf of, Mueller Industries, Inc.

13.     At all relevant times, Defendant, Mueller Industries, Inc., has purposefully established significant contacts in Pennsylvania, has carried out, and continues to carry out, substantial, continuous and systematic business activities in Pennsylvania, and regularly conducts business in Philadelphia County.

14.     Defendant, Mueller Streamline Company, is a corporation or other business entity organized under the laws of Delaware and registered in the Commonwealth of Pennsylvania, and at all relevant times maintained a place of business at 287 Wissahickon Avenue, North Wales, PA 19454.

15.     At all relevant times, Mueller Streamline Company, was acting by and through its employees, servants, agents, workmen and staff, all of whom were acting within the course and scope of their authority and employment for, and on behalf of, Mueller Streamline Company.

16.     At all relevant times, Defendant, Mueller Streamline Company, has purposefully established significant contacts in Pennsylvania, has carried out, and continues to carry out, substantial, continuous and systematic business activities in Pennsylvania, and regularly conducts business in Philadelphia County.

Case ID: 200702017

17.     Defendant, Mueller Southeast, Inc., is a corporation or other business entity organized under the laws of Pennsylvania and at all relevant times maintained a place of business at 287 Wissahickon Avenue, North Wales, PA 19454.

18.     At all relevant times, Defendant, Mueller Southeast, Inc., was acting by and through its employees, servants, agents, workmen and staff, all of whom were acting within the course and scope of their authority and employment for, and on behalf of, Mueller Southeast, Inc.

19.     At all relevant times, Defendant, Mueller Southeast, Inc., has purposefully established significant contacts in Pennsylvania, has carried out, and continues to carry out, substantial, continuous and systematic business activities in Pennsylvania, and regularly conducts business in Philadelphia County.

### The Kaltenbach Refurbished Saw Machine

20.     The industrial facility at 287 Wissahickon Avenue, North Wales, PA 19454 (hereinafter "the facility") was, at all relevant times, owned, operated and/or controlled by Defendants, Mueller Industries, Inc., Mueller Streamline Company, and/or Mueller Southeast, Inc.

21.     Sometime prior to the accident, Defendants, Mueller Industries, Inc., Mueller Streamline Company, and/or Mueller Southeast, Inc. determined that a "new" automatic saw machine was needed at the facility.

22.     The purchase of a new automatic saw machine saw at the facility was the subject of a Capital Expenditure Request and the purchase required approval by Defendants, Mueller Industries, Inc., Mueller Streamline Company, and/or Mueller Southeast, Inc.

23.     As part of the Capital Expenditure Request, Defendants, Mueller Industries, Inc., Mueller Streamline Company, and/or Mueller Southeast, Inc., considered purchasing, for the

facility, a brand new Kaltenbach automatic saw machine or other new automatic saw machines available for sale from other automatic saw machine manufacturers/sellers.

24.     However, Defendants, Mueller Industries, Inc., Mueller Streamline Company, and/or Mueller Southeast, Inc. decided to buy and/or approved the purchase of the subject Kaltenbach Refurbished Saw instead.

25.     Upon information and belief, the Kaltenbach Refurbished Saw was originally designed and/or manufactured in the 1980s and was refurbished by Defendant, SMS, in approximately 2007.

26.     Upon information and belief, Defendant, SMS's, refurbishment of the Saw Machine included retrofitting a safety guard/hood onto the machine for the protection of operators of the Refurbished Saw Machine.

27.     The subject Refurbished Saw Machine was defective and in an unreasonably dangerous condition in that it lacked a contact point for effective control of material during the Saw Machine's cutting process.

28.     The subject Refurbished Saw Machine was defective and in an unreasonably dangerous condition in that the safety hood/guard could open while the Saw Machine's cutting process was underway.

29.     The subject Refurbished Saw Machine was defective and in an unreasonably dangerous condition in that the safety hood/guard permitted projectiles to eject out of the machine at the Saw Machine's operator.

30.     The subject Refurbished Saw Machine was in a defective and unreasonably dangerous condition in that the clamps, which were to secure the material being cut, were made of

8

a material that allowed the clamps to become slick causing material being cut to spin loose and eject out of the Saw Machine at the operator.

31.     The subject Refurbished Saw Machine was in a defective and unreasonably dangerous condition in that it lacked additional clamps to securely hold round materials, like tubes, in place while being cut.

32.     The subject Refurbished Saw Machine was in a defective and unreasonably dangerous condition in that it lacked warning labels and/or instructions.

33.     The subject Refurbished Saw Machine saw was in a defective and unreasonably dangerous condition in that it lacked an operator's manual.

34.     Defendant, SMS, manufactured, refurbished, sold, distributed and/or placed the subject Refurbished Saw Machine into the stream of commerce.

## INJURIES AND DAMAGES

35.     After being struck by the 12" copper pipe in the throat, face and chest, Plaintiff, Md. Rafiqul Islam, was rushed via ambulance to Abington Hospital- where he would remain for 15 days and undergo numerous surgeries including, *inter alia*, open tracheotomy and placement of a feeding tube.

36.     As a direct and proximate result of Defendants' carelessness and negligence, Mr. Islam suffered, and continues to suffer catastrophic, debilitating injuries including, *inter alia*: multiple displaced and non-displaced fractures of the thyroid cartilage; dislocation of the hyoid bone; open tracheostomy – in place for 5 months; placement of percutaneous endoscopic gastronomy (PEG) feeding tube; extensive lacerations - surgically repaired -to the mandible, throat and chest with extensive disfiguring scarring including keloid formation, particularly about the throat; vocal-cord paresis; decreased phonation; difficulty breathing; difficulty eating; difficulty

9

swallowing; hypomobility; severely limited cervical range of motion; post concussive syndrome; headaches; back trauma; post-traumatic stress; loss of independence; mental and emotional pain and suffering; chronic physical pain; suffering and loss of life's pleasures, past, present and future; loss of earnings and wages and loss of earning capacity, past, present and future; hospital, medical and rehabilitation expenses past, present and future, including medical equipment, supplies and other medical care and treatment to pay for the treatment of the severe injuries; and other psychological, psychiatric, orthopedic, otolaryngologic and neurological injuries, the full extent of which is yet to be determined, and some or all of which may be permanent in nature.

      a.     As a direct and proximate result of the conduct of Defendants, Mr. Islam has in the past required, continues to require and may in the future require costs relating to medical care, medications, treatment, rehabilitation and testing to alleviate and/or cure his continuing pain and suffering.

      b.     As a direct and proximate result of the conduct of Defendants, Mr. Islam has in the past, continues to, and will in the future, suffer painful and permanent bodily injuries, scarring, disfigurement, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of wellbeing, lost ability to engage in the same or similar physical activities that he took part in before the accident, restrictions on his ability to participate in normal activities and pleasures of life, and other intangible losses.

      c.     As a direct and proximate result of the conduct of the Defendants, Mr. Islam has been prevented, and will be prevented in the future, from performing his usual duties, activities, occupations and avocations and has suffered a loss of earnings and a loss of earning capacity.

37.     Defendants' joint and several carelessness and negligence and other liability-producing conduct increased the risk of harm and/or was a factual cause and/or was a substantial factor in causing Mr. Islam's catastrophic, permanent injuries.

## COUNT I- STRICT PRODUCTS LIABILITY

### PLAINTIFFS v. STRUCTURAL MACHINARY SOLUTIONS, INC. a/k/a and/or d/b/a and/or f/k/a KALTENBACH, INC.

38.     Plaintiffs incorporate all preceding paragraphs as if set forth here in full.

39.     Defendant, SMS, manufactured, refurbished, sold and distributed the subject Refurbished Saw Machine.

40.     Defendant, SMS, was at all times relevant hereto, engaged in the business of designing, manufacturing, testing, marketing, selling and distributing both new and refurbished automatic saw machines.

41.     At the time that Defendant, SMS, designed, manufactured, refurbished, tested, sold, distributed and/or placed the Refurbished Saw Machine into the stream of commerce, it was in a defective and unreasonably dangerous condition.

42.     The Refurbished Saw Machine was at all times expected to reach, and did in fact reach, the ultimate user and/or consumer without substantial change in the condition in which it was designed, manufactured, refurbished, sold, distributed and/or supplied.

43.     By designing, manufacturing, refurbishing, distributing, selling and/or supplying the Refurbished Saw Machine in a defective and unreasonably dangerous condition, Defendant, SMS, is strictly liable pursuant to the Restatement (Second) of Torts, Section 402A.

44.     As a result of Defendant, SMS's, tortious conduct, Mr. Islam sustained catastrophic, permanent, debilitating injuries.

11

45.     The incident and the injuries to Mr. Islam as well as the damages suffered by the Plaintiffs were directly and proximately caused by Defendant, SMS's, design, manufacture, refurbishment, marketing, distribution and sale of a defective product which was unsafe for its intended use, for which Defendant is strictly liable pursuant to the provisions of Section 402A of the Restatement (Second) of Torts.

WHEREFORE, Plaintiffs, Md. Rafiqul Islam and Rahima Khatun, husband and wife, demand judgment against Defendants, each of them, jointly and severally, for sums in excess of fifty thousand dollars ($50,000.00) in compensatory damages exclusive of interest, cost and delay damages, pursuant to Pa. R.C.P. §238 and brings this action recover same.

**COUNT II – NEGLIGENCE**

**PLAINTIFFS v. STRUCTURAL MACHINARY SOLUTIONS, INC. a/k/a and/or d/b/a and/or f/k/a KALTENBACH, INC.**

46.     Plaintiffs incorporate all preceding paragraphs as if set forth here in full.

47.     The incident, injuries and damages were directly and proximately caused by the negligence of the Defendant, SMS, acting individually and/or by and through its actual and/or ostensible agents, employees and servants, generally and in the following particular respects:

    a.     Failing to properly design the Refurbished Saw Machine;

    b.     Failing to properly manufacture the Refurbished Saw Machine;

    c.     Failing to properly refurbish the Refurbished Saw Machine;

    d.     Designing the Refurbished Saw Machine in an unreasonable, dangerous and defective manner;

    e.     Manufacturing the Refurbished Saw Machine in an unreasonable, dangerous and defective manner;

    f.     Refurbishing the Refurbished Saw Machine in an unreasonable, dangerous and defective manner;

12

g.   Failing the design a reasonably safe Refurbished Saw Machine;

h.   Failing the manufacture a reasonably safe Refurbished Saw Machine;

i.   Failing refurbish a reasonably safe Refurbished Saw Machine;

j.   Failing to warn and/or otherwise inform owners and users of the
Refurbished Saw Machine of the risk for injuries as a result of the defective
design/manufacture/refurbishment;

k.   Failing to conduct quality control inspections;

l.   Failing to recall the subject Refurbished Saw Machine once Defendant
became aware of the defective condition;

m.   Failing to comply with applicable code requirements and/or other
applicable standards, regulations and guidelines;

n.   Failing to properly design, fabricate, manufacture, refurbish, test, sell,
distribute and/or supply the Refurbished Saw Machine in a reasonably safe
condition;

o.   Failing to properly design, fabricate, manufacture, refurbish, test, sell,
distribute and/or supply the Refurbished Saw Machine
in a form which rendered it adequate and safe for its intended use;

p.   Failing to warn the user that the Refurbished Saw Machine would not
adequately and properly perform its intended function in
a condition which was safe to users and others;

q.   Failing to furnish and/or otherwise equip the Refurbished Saw Machine
with adequate safety devices, features and warnings;

r.   Failing to properly test the Refurbished Saw Machine;

s.   Failing to properly inspect the Refurbished Saw Machine;

t.   Failing to provide adequate warnings;

u.   Failing to provide adequate instructions to be followed with regard to use
of the product;

v.   Failing to provide adequate instructions to be followed with regard to use
of the product;

13

Case ID: 200702017

w.   Failing to provide instructions to be followed with regard to the inspection
and maintenance of the product;

x.   Designing, manufacturing, refurbishing, selling, supplying and distributing
a product which lacked all necessary safety features to protect users of said
product and others;

y.   Designing, manufacturing, refurbishing, selling, supplying and distributing
a product that lacked simple and cost-effective safety devices;

z.   Failing to furnish and/or otherwise equip the Refurbished Saw Machine
with clamps that adequately held pipes in place;

aa.  Failing to furnish and/or otherwise equip the Refurbished Saw Machine
with a safety guard/hood that prevented projectiles from striking the
operator;

bb.  Failing properly investigate and analyze accidents and to take appropriate
action; and

cc.  Failing to provide a maintenance schedule which was adequate to discovery
defects in the product;

48.   Defendant, SMS's, carelessness and negligence was a substantial factor in, a
factual cause of, and/or increased the risk of Mr. Islam's catastrophic, permanent injuries.

WHEREFORE, Plaintiffs, Md. Rafiqul Islam and Rahima Khatun, husband and wife,
demand judgment against Defendants, each of them, jointly and severally, for sums in excess of
fifty thousand dollars ($50,000.00) in compensatory damages exclusive of interest, cost and delay
damages, pursuant to Pa. R.C.P. §238 and brings this action recover same.

### COUNT III – BREACH OF WARRANTY

### PLAINTIFFS v. STRUCTURAL MACHINARY SOLUTIONS, INC. f/k/a KALTENBACH, INC.

49.   Plaintiffs incorporate all preceding paragraphs as if set forth here in full.

50.   In designing, manufacturing, refurbishing, marketing, promoting, selling,
distributing, delivering and/or supplying the Refurbished Saw Machine, Defendant, SMS,

14

Case ID: 200702017

warranted that the Refurbished Saw Machine was merchantable, fit and safe for its intended use and the ordinary purposes for which it was sold, and that it was free from defects.

51.     The Refurbished Saw Machine as designed, manufactured, refurbished and sold was not safe for its intended use and, as a result, Defendant, SMS, breached the implied warranty of merchantability.

52.     Defendant, SMS's, breach of the warranty of merchantability was a substantial factor in, a factual cause of, and/or increased the risk of Mr. Islam's catastrophic, serious and permanent injuries.

WHEREFORE, Plaintiffs, Md. Rafiqul Islam and Rahima Khatun, husband and wife, demand judgment against Defendants, each of them, jointly and severally, for sums in excess of fifty thousand dollars ($50,000.00) in compensatory damages exclusive of interest, cost and delay damages, pursuant to Pa. R.C.P. §238 and brings this action recover same.

### COUNT IV- NEGLIGENCE

#### PLAINTIFFS v. MUELLER INDUSTRIES, INC., MUELLER STREAMLINE COMPANY and MUELLER SOUTHEAST, INC.

53.     Plaintiffs incorporate all preceding paragraphs as if set forth here in full.

54.     At all relevant times, Defendants, Mueller Industries, Inc., Mueller Streamline Company and/or Mueller Southeast, Inc., owned, operated, and/or controlled the industrial facility where Mr. Islam was injured and, as such, owed a duty to protect those persons lawfully entered upon the premises, including Mr. Islam, as business invitees, to provide a reasonably safe environment, free from hazards and dangerous conditions.

55.     At all relevant times, Defendants, Mueller Industries, Inc., Mueller Streamline Company and/or Mueller Southeast, Inc., undertook the supervision of the work being performed

at the industrial facility, and in conjunction therewith established plans, recommendations, designs and specifications for the performance of the work.

56.      Defendants, Mueller Industries, Inc., Mueller Streamline Company and/or Mueller Southeast, Inc., having undertaken the operation, inspection, maintenance, and supervision of the Refurbished Saw Machine, owed a duty to those persons engaged in the performance of the Refurbished Saw-related work to provide a reasonably safe environment, free from unreasonable hazards, with adequate and appropriate safety procedures, within which to perform work.

57.      Defendants, Mueller Industries, Inc., Mueller Streamline Company and/or Mueller Southeast, Inc., failed to enact or implement, and/or removed, neglected, or ignored, saw machine-related safety procedures, inspection procedures, audit procedures, operating procedures, training programs, safety devices, error-detection devices and/or other monitoring devices that would have prevented Mr. Islam's accident.

58.      Although Defendants, Mueller Industries, Inc., Mueller Streamline Company and/or Mueller Southeast, Inc., knew or should have known of the hazardous condition of the Refurbished Saw Machine, Defendants, Mueller Industries, Inc., Mueller Streamline Company and Mueller Southeast, Inc., permitted such hazardous conditions to exist and/or failed to warn and/or eliminate those hazardous conditions and/or failed to reasonably discover those hazardous conditions.

59.      In the alternative, Defendants, Mueller Industries, Inc., Mueller Streamline Company and/or Mueller Southeast, Inc., was/were the parent company, controlling company, employer of safety-related personnel, and/or otherwise exercised sufficient control over operations at the industrial facility, thereby having a duty to Mr. Islam to provide a safe place to work, free of hazards and Defendants, Defendants, Mueller Industries, Inc., and/or Mueller Streamline

Company and/or Mueller Southeast, Inc., breached that duty and caused or contributed to the accident.

60.     Defendants, Mueller Industries, Inc., Mueller Streamline Company and/or Mueller Southeast, Inc.'s, negligence and carelessness consisted of, *inter alia*, the following:

a.     Failing to maintain the Refurbished Saw Machine area free from unreasonable hazards and dangerous conditions;

b.     Failing to properly inspect the Refurbished Saw Machine for the presence of hazards and dangerous conditions;

c.     Failing to adequately maintain the Refurbished Saw Machine on the premises;

d.     Failing to inspect and maintain the Refurbished Saw Machine on the premises;

e.     Failing to maintain the Refurbished Saw Machine in a safe manner;

f.     Failing to maintain the Refurbished Saw Machine in accordance with industry standards;

g.     Failing to warn of the safety hazards and unseen conditions then and there existing on the premises despite knowledge of such hazards;

h.     Failing to employ and select only qualified and competent individuals to inspect the Refurbished Saw Machine for hazardous conditions;

i.     Allowing a dangerous and hazardous condition to exist which Defendants knew or should have known would cause injury to others, such as Plaintiff, who were business invitees on the premises;

j.     Failing to provide proper training regarding proper safety techniques;

k.     Failing to make reasonable inspection to determine the extent of the dangerous and hazardous conditions existing in the Refurbished Saw Machine area;

l.     Failing to regularly inspect the Refurbished Saw Machine for the presence of dangerous conditions;

m.     Disregarding the safety of persons such as Plaintiff, who were lawfully present on aforesaid premises as invitees;

n.     Failing to act reasonably under the circumstances;

o.     Failing to exercise adequate control;

p.     Failing to remedy dangerous conditions of the Refurbished Saw Machine;

q.     Failing to recognize signs of objects coming loose while being cut in the Refurbished Saw Machine and striking the guard/hood;

r.     Failing to halt use of the Refurbished Saw Machine until it was deemed safe;

s.     Removing safety devices;

t.     Failing to improve preventative maintenance tracking;

u.     Failing to field test component parts;

v.     Failing to implement pre-installation check list and/or long term testing;

w.     Failing to ensure that the clamps held material in place while cutting was underway;

x.     Failing to ensure that the safety hood/guard could not open during operation;

y.     Failing to ensure the safety hood/guard would prevent projectiles from exiting the cutting area;

z.     Failing to provide appropriate protection from projectiles;

aa.     Failing to conduct safety audits of the facility and saw machines;

bb.     Failing to properly conduct safety audits of the facility and saw machines;

cc.     Failing to do a proper safety evaluation of the Refurbished Saw Machine during its visits to the facility to assess hazards and risk of injuries that workers would be exposed to while working with, near or around the Refurbished Saw Machine;

dd.     Failing to abide by and implement its own safety policies, rules and procedures;

Case ID: 200702017

ee.   Failing to do a proper Job Safety Analysis ("JSA") with respect to the hazards and dangerous conditions that workers would be exposed to when using the Refurbished Saw Machine;

ff.   Failing to do a proper Job Hazard Analysis ("JHA") with respect to detecting unsafe and dangerous conditions that would exist when operating the Refurbished Saw Machine;

gg.   Failing to make every reasonable effort to ensure that all equipment was in a safe condition;

hh.   Failing to ensure that their inspection and maintenance program gave top priority to equipment critical to worker safety and health;

ii.   Failing to take all reasonable steps to eliminate risks to workers created by faulty equipment;

jj.   Failing to provide safe and healthful conditions for workers;

kk.   Selecting a refurbished saw machine for the facility over a new saw machine;

ll.   Selecting a saw machine with a retrofitted safety guard/hood instead of a saw machine with an original safety guard/hood;

mm.   Approving a refurbished saw machine over a new saw machine for the facility;

nn.   Approving a refurbished saw machine with a retrofitted safety guard/hood rather than a saw machine with an original safety guard/hood; and

oo.   Permitting the Refurbished Saw Machine to be operated without warnings and/or operating instructions.

61.   By conducting itself as set forth above, Defendants, Mueller Industries, Inc., Mueller Streamline Company and Mueller Southeast, Inc.'s, acts and omissions were the factual cause of, a substantial factor in, or increased the risk of Mr. Islam's catastrophic, permanent injuries.

19

WHEREFORE, Plaintiffs, Md. Rafiqul Islam and Rahima Khatun, husband and wife, demand judgment against Defendants, each of them, jointly and severally, for sums in excess of fifty thousand dollars ($50,000.00) in compensatory damages exclusive of interest, cost and delay damages, pursuant to Pa. R.C.P. §238 and brings this action recover same.

### COUNT V - NEGLIGENCE

### PLAINTIFFS v. ABC MAINTENANCE COMPANY(IES) 1-5

62.    Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if fully set forth here at length.

63.    The actual name of ABC Maintenance Company(ies) 1-5, fictitious Defendant(s) is/are currently unknown to the Plaintiffs despite Plaintiffs, by and through their counsel, having conducted a reasonable search to determine its/their actual name(s).

64.    Upon information and belief, ABC Maintenance Company(ies) 1-5, are maintenance companies that periodically inspected, maintained and serviced equipment at the facility, including the Refurbished Saw Machine.

65.    The incident, injuries and damages were directly and proximately caused by the negligence and carelessness of ABC Maintenance Company(ies) 1-5, acting individually and/or by and through its actual and/or ostensible agents, employees and servants, generally and in the following particular respects:

    a.    Failing to properly inspect the Refurbished Saw Machine;

    b.    Failing to properly maintain the Refurbished Saw Machine;

    c.    Failing to properly service the Refurbished Saw Machine;

    d.    Failing to properly repair the Refurbished Saw Machine;

    e.    Violating and failing to adhere to applicable statutes, ordinances, rules and
          regulations and standards governing or relating to the inspection,
          maintenance, service and repair of automatic saw machines;

f.    Failing to create, institute, adopt, enforce and comply with policies and procedures concerning the inspection, maintenance, service and repair of automatic saw machines;

g.    Failing to recommend and/or install a safety hood/guard that protected operators of the saw;

h.    Failing to advise that the safety hood/guard on the Refurbished Saw Machine was inadequate;

i.    Failing to recommend and/or install clamps that would safely secure the material being cut;

j.    Failing to advise that the clamps on the Refurbished Saw Machine would not safely secure material being cut; and

k.    Maintaining a defective and unreasonably dangerous Refurbished Saw Machine.

66.    ABC Maintenance Company(ies) 1-5 knew or by using reasonable care would have discovered or should have discovered the conditions which injured Mr. Islam and should have realized that the conditions presented a foreseeable and unreasonable risk of harm.

67.    By conducting itself as set forth above, ABC Maintenance Company(ies) 1-5's acts and omissions were the factual cause of, a substantial factor in, or increased the risk of Mr. Islam's catastrophic, permanent injuries.

WHEREFORE, Plaintiffs, Md. Rafiqul Islam and Rahima Khatun, husband and wife, demand judgment against Defendants, each of them, jointly and severally, for sums in excess of fifty thousand dollars ($50,000.00) in compensatory damages exclusive of interest, cost and delay damages, pursuant to Pa. R.C.P. §238 and brings this action recover same.

Case ID: 200702017

## COUNT VI - NEGLIGENCE

## PLAINTIFFS v.  ABC CONSULTING COMPANY(IES) 1-5

68.     Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if fully set forth here at length.

69.     The actual name of ABC Consulting Company(ies) 1-5, fictitious Defendant(s) is/are currently unknown to the Plaintiffs despite Plaintiffs, by and through their counsel, having conducted a reasonable search to determine its/their actual name(s).

70.     Upon information and belief, ABC Consulting Company(ies) 1-5 were retained directly or indirectly by the owners and/or operators of the industrial facility and undertook a duty to Mr. Islam and others to provide complete, proper and timely inspection, identification, assessment, notification, warning, amelioration and/or correction of potential safety issues directly and indirectly arising from or relating to the Refurbished Saw Machine. ABC Consulting Company(ies) 1-5 failed to fulfill those duties, thus proximately causing injuries to Mr. Islam.

71.     The incident, injuries and damages were directly and proximately caused by the negligence and carelessness of ABC Consulting Company(ies) 1-5, acting individually and/or by and through its actual and/or ostensible agents, employees and servants, generally and in the following particular respects:

> a.     Failing to timely, properly and completely assess, inspect, identify, and/or evaluate safety issues arising from or relating to the Refurbished Saw Machine;
>
> b.     Failure to timely, properly and completely notify, instruct, educate, warn, train and/or advise with regard to safety issues arising from or relating to the Refurbished Saw Machine;
>
> c.     Failure to timely, properly and completely eliminate, mitigate, and/or ensure implementation of a plan with respect to the safety issues arising from or relating to the Refurbished Saw Machine;

22

d.   Failing to create, institute, adopt, enforce and comply with policies and
procedures concerning the inspection, maintenance, service and repair of
automatic saw machines;

e.   Failing to recommend and/or install a safety hood/guard that protected
operators of the saw;

f.   Failing to advise that the safety hood/guard on the Refurbished Saw
Machine was inadequate;

g.   Failing to recommend and/or install clamps that would safely secure the
material being cut;

h.   Failing to advise that the clamps on the Refurbished Saw Machine would
not safely secure material being cut; and

i.   Maintaining a defective and unreasonably dangerous Refurbished Saw
Machine.

72.     ABC Consulting Company(ies) 1-5 knew or by using reasonable care would have

discovered or should have discovered the conditions which injured Mr. Islam and should have

realized that the conditions presented a foreseeable and unreasonable risk of harm.

73.     By conducting itself as set forth above, ABC Consulting Company(ies) 1-5's acts

and omissions were the factual cause of, a substantial factor in, or increased the risk of Mr. Islam's

catastrophic and permanent injuries.

WHEREFORE, Plaintiffs, Md. Rafiqul Islam and Rahima Khatun, husband and wife,

demand judgment against Defendants, each of them, jointly and severally, for sums in excess of

fifty thousand dollars ($50,000.00) in compensatory damages exclusive of interest, cost and delay

damages, pursuant to Pa. R.C.P. §238 and brings this action recover same.

Case ID: 200702017

## COUNT VII- STRICT PRODUCTS LIABILITY

### PLAINTIFFS v. ABC MANUFACTURING DEFENDANT(S) 1-5

74      Plaintiffs incorporate all preceding paragraphs as if set forth here in full.

75.     The actual name of ABC Manufacturing Company(ies) 1-5, fictitious Defendant(s) is/are currently unknown to the Plaintiffs despite Plaintiffs, by and through their counsel, having conducted a reasonable search to determine its/their actual name(s).

76.     Upon information and belief, ABC Manufacturing Company(ies) 1-5,   are companies that contributed and/or supplied component parts or the Refurbished Saw Machine and/or were otherwise involved, with Defendant, SMS, in the manufacture of the Refurbished Saw Machine.

77.      At the time that Defendant(s), ABC Manufacturing Company(ies) 1-5, designed, manufactured, refurbished, tested, sold, distributed and/or placed the Refurbished Saw Machine into the stream of commerce, it was in a defective and unreasonably dangerous condition.

78.     The Refurbished Saw Machine was at all times expected to reach, and did in fact reach, the ultimate user and/or consumer without substantial change in the condition in which it was designed, manufactured, refurbished, sold, distributed and/or supplied.

79.     By designing, manufacturing, refurbishing, distributing, selling and/or supplying the Refurbished Saw Machine in a defective and unreasonably dangerous condition, Defendant(s), ABC Manufacturing Company(ies) 1-5, is/are strictly liable pursuant to the Restatement (Second) of Torts, Section 402A.

80.     As a result of Defendant, ABC Manufacturing Company(ies) 1-5's conduct, Mr. Islam sustained catastrophic, permanent, debilitating injuries.

24

81.     The incident and the injuries to Mr. Islam as well as the damages suffered by the Plaintiffs were directly and proximately caused by Defendant, ABC Manufacturing Company(ies) 1-5, design, manufacture, refurbishment, marketing, distribution and sale of a defective product which was unsafe for its intended use, for which Defendant is strictly liable pursuant to the provisions of Section 402A of the Restatement (Second) of Torts.

WHEREFORE, Plaintiffs, Md. Rafiqul Islam and Rahima Khatun, husband and wife, demand judgment against Defendants, each of them, jointly and severally, for sums in excess of fifty thousand dollars ($50,000.00) in compensatory damages exclusive of interest, cost and delay damages, pursuant to Pa. R.C.P. §238 and brings this action recover same.

### COUNT VIII – NEGLIGENCE

### PLAINTIFFS v. ABC MANUFACTURING DEFENDANTS

82.     Plaintiffs incorporate all preceding paragraphs as if set forth here in full.

83.     The incident, injuries and damages were directly and proximately caused by the negligence of the Defendant(s), ABC Manufacturing Company(ies) 1-5, acting individually and/or by and through its actual and/or ostensible agents, employees and servants, generally and in the following particular respects:

        a.     Failing to properly design the Refurbished Saw Machine;

        b.     Failing to properly manufacture the Refurbished Saw Machine;

        c.     Failing to properly refurbish the Refurbished Saw Machine;

        d.     Designing the Refurbished Saw Machine in an unreasonable, dangerous and defective manner;

        e.     Manufacturing the Refurbished Saw Machine in an unreasonable, dangerous and defective manner;

f.    Refurbishing the Refurbished Saw Machine in an unreasonable, dangerous and defective manner;

g.    Failing the design a reasonably safe Refurbished Saw Machine;

h.    Failing the manufacture a reasonably safe Refurbished Saw Machine;

i.    Failing refurbish a reasonably safe Refurbished Saw Machine;

j.    Failing to warn and/or otherwise inform owners and users of the Refurbished Saw Machine of the risk for injuries as a result of the defective design/manufacture/refurbishment;

k.    Failing to conduct quality control inspections;

l.    Failing to recall the subject Refurbished Saw Machine once Defendant became aware of the defective condition;

m.    Failing to comply with applicable code requirements and/or other applicable standards, regulations and guidelines;

n.    Failing to properly design, fabricate, manufacture, refurbish, test, sell, distribute and/or supply the Refurbished Saw Machine in a reasonably safe condition;

o.    Failing to properly design, fabricate, manufacture, refurbish, test, sell, distribute and/or supply the Refurbished Saw Machine in a form which rendered it adequate and safe for its intended use;

p.    Failing to warn the user that the Refurbished Saw Machine would not adequately and properly perform its intended function in a condition which was saw to users and others;

q.    Failing to furnish and/or otherwise equip the Refurbished Saw Machine with adequate safety devices, features and warnings;

r.    Failing to properly test the Refurbished Saw Machine;

s.    Failing to properly inspect the Refurbished Saw Machine;

t.    Failing to provide adequate warnings;

u.    Failing to provide adequate instructions to be followed with regard to use of the product;

26

v.     Failing to provide adequate instructions to be followed with regard to use of the product;

w.    Failing to provide instructions to be followed with regard to the inspection and maintenance of the product;

x.     Designing, manufacturing, refurbishing, selling, supplying and distributing a product which lacked all necessary safety features to protect users of said product and others;

y.     Designing, manufacturing, refurbishing, selling, supplying and distributing a product that lacked simple and cost-effective safety devices;

z.     Failing to furnish and/or otherwise equip the Refurbished Saw Machine with clamps that adequately held pipes in place;

aa.   Failing to furnish and/or otherwise equip the Refurbished Saw Machine with a safety guard/hood that prevented projectiles from striking the operator;

bb.   Failing properly investigate and analyze accidents and to take appropriate action; and

cc.   Failing to provide a maintenance schedule which was adequate to discovery defects in the product;

84.     Defendant, ABC Manufacturing Company(ies) 1-5's, carelessness and negligence was a substantial factor in, a factual cause of, and/or increased the risk of Mr. Islam's catastrophic, serious and permanent injuries.

WHEREFORE, Plaintiffs, Md. Rafiqul Islam and Rahima Khatun, husband and wife, demand judgment against Defendants, each of them, jointly and severally, for sums in excess of fifty thousand dollars ($50,000.00) in compensatory damages exclusive of interest, cost and delay damages, pursuant to Pa. R.C.P. §238 and brings this action recover same.

## COUNT IX – BREACH OF WARRANTY

### PLAINTIFFS v. ABC MANUFACTURING DEFENDANT(S) 1-5

85.    Plaintiffs incorporate all preceding paragraphs as if set forth here in full.

86.    In designing, manufacturing, refurbishing, marketing, promoting, selling, distributing, delivering and/or supplying the Refurbished Saw Machine, Defendant, ABC Manufacturing Company(ies) 1-5, warranted that the Refurbished Saw Machine was merchantable, fit and safe for its intended use and the ordinary purposes for which it was sold, and that it was free from defects.

87.    The Refurbished Saw Machine as designed, manufactured, refurbished and sold was not safe for its intended use and, as a result, Defendant, ABC Manufacturing Company(ies) 1-5, , breached the implied warranty of merchantability.

88.    Defendant, ABC Manufacturing Company(ies) 1-5,, breach of the warranty of merchantability was a substantial factor in, a factual cause of, and/or increased the risk of Mr. Islam's catastrophic, serious and permanent injuries.

WHEREFORE, Plaintiffs, Md. Rafiqul Islam and Rahima Khatun, husband and wife, demand judgment against Defendants, each of them, jointly and severally, for sums in excess of fifty thousand dollars ($50,000.00) in compensatory damages exclusive of interest, cost and delay damages, pursuant to Pa. R.C.P. §238 and brings this action recover same.

Case ID: 200702017

## COUNT X - LOSS OF CONSORTIUM

### PLAINTIFF, RAHIMA KHATUN v. ALL DEFENDANTS

89.     All preceding paragraphs are incorporated here by reference.

90.     Plaintiff, Rahima Khatun, is, and was at all relevant times, the wife of Plaintiff, Md. Rafiqul Islam, and as such, is entitled to his society, companionship and services.

91.     By reason of the Defendants' carelessness and negligence and other tortious conduct, Wife-Plaintiff, Rahima Rafiqul Khatun, has suffered the loss of consortium and has been deprived of her husband's love, companionship, comfort, affection, society, moral guidance, intellectual strength, physical assistance and monetary earnings.

WHEREFORE, Plaintiff, Rahima Khatun, demands judgment against Defendants, each of them, jointly and severally, for sums in excess of fifty thousand dollars ($50,000.00) in compensatory damages, exclusive of interest, cost and delay damages, pursuant to Pa. R.C.P. §238 and bring this action recover same.

Respectfully submitted,

FRITZ & BIANCULLI, LLC

BY: *Kevin Durkan*
BRIAN E. FRITZ, ESQUIRE
KEVIN M. DURKAN, ESQUIRE
WILLIAM A. WEISS, ESQUIRE
*Attorneys for Plaintiffs*

Date: July 29, 2020

29

Case ID: 200702017

## VERIFICATION

I, Kevin M. Durkan, Esquire, am authorized to make this verification on behalf of my clients. The averments or denials of fact contained in the foregoing document are true based upon the signer's personal knowledge or information and belief. If the foregoing contains averments which are inconsistent in fact, signer has been unable, after reasonable investigation, to ascertain which of the inconsistent averments are true, but signer has knowledge or information sufficient to form a belief that one of them is true. This Verification is made subject to the penalties of 18 Pa. C.S. 4904, relating to unsworn falsification to authorities.

*Kevin Durkan*

30

Case ID: 200702017

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

| | For Prothonotary Use Only (Docket Number) |
|---|---|
| | **JULY 2020** |
| | E-Filing Number: 2007057476 **002017** |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| M.D. RAFIQUL ISLAM | STRUCTURAL MACHINERY SOLUTIONS, INC , ALIAS: A/K/A AND/OR D/B/A AND/OR F/K/A KALTENBACH, INC |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 29 POPLAR ST. APT. 5 PHILADELPHIA PA 19440 | 6775 INWOOD DRIVE COLUMBUS IN 47201 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| RAHIMA KHATUN | MUELLER INDUSTRIES, INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 29 POPLAR ST. APT. 5 PHILADELPHIA PA 19440 | 150 SCHILLING BOULEVARD SUITE 100 COLLIERVILLE TN 38017 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | MUELLER STREAMLINE COMPANY C/O CT CORPORATION SYSTEM |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 600 NORTH 2ND STREET  SUITE 401 HARRISBURG PA 17101 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 2 | 7 | ☒ Complaint  ☐ Petition Action  ☐ Notice of Appeal |
| | | ☐ Writ of Summons  ☒ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less | ☐ Arbitration | ☐ Mass Tort | ☐ Commerce | ☐ Settlement |
| ☒ More than $50,000.00 | ☒ Jury | ☐ Savings Action | ☐ Minor Court Appeal | ☐ Minors |
| | ☐ Non-Jury | ☐ Petition | ☐ Statutory Appeals | ☐ W/D/Survival |
| | ☐ Other: | | | |

| CASE TYPE AND CODE |
|---|
| 20 - PERSONAL INJURY - OTHER |

| STATUTORY BASIS FOR CAUSE OF ACTION |
|---|
| |

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED PRO PROTHY** JUL 29 2020 A. SILIGRINI | IS CASE SUBJECT TO COORDINATION ORDER? YES    NO |
|---|---|---|

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: M.D. RAFIQUL ISLAM , RAHIMA KHATUN

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| KEVIN M. DURKAN | 1515 MARKET ST SUITE 1801 PHILADELPHIA PA 19102 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (215)458-2222 | none entered | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 201770 | kdurkan@fbesq.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| KEVIN DURKAN | Wednesday, July 29, 2020, 11:21 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

COMPLETE LIST OF DEFENDANTS:

1. STRUCTURAL MACHINERY SOLUTIONS, INC
     ALIAS: A/K/A AND/OR D/B/A AND/OR F/K/A KALTENBACH, INC
     6775 INWOOD DRIVE
     COLUMBUS IN 47201
2. MUELLER INDUSTRIES, INC.
     150 SCHILLING BOULEVARD SUITE 100
     COLLIERVILLE TN 38017
3. MUELLER STREAMLINE COMPANY C/O CT CORPORATION SYSTEM
     600 NORTH 2ND STREET  SUITE 401
     HARRISBURG PA 17101
4. MUELLER SOUTHEAST, INC. C/O CT CORPORATION SYSTEM
     600 NORTH 2ND STREET  SUITE 401
     HARRISBURG PA 17101
5. ABC MAINTENANCE COMPANY(IES)1-5 FICTITIOUSLY NAMED DEFENDANT
     UNKNOWN
     PHILADELPHIA PA 19100
6. ABC CONSULLING COMPANY(IES) 1-5 FICTITIOUSLY NAMED DEFENDANT
     UNKNOWN
     PHILADELPHIA PA 19100
7. ABC MANUFACTURING COMPANY(IES) 1-5 FICTITIOUSLY NAMED DEFEN.
     UNKNOWN
     PHILADELPHIA PA 19100